

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

January 4, 1966

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-577

Re: Amount of per diem a State
employee would be entitled
to, who rents a trailer mo-
bile home and lodges it on
land belonging to a commer-
cial trailer court.

Dear Mr. Calvert:

You have requested an opinion from this office
upon the question of:

". . . .the amount of per diem a State
employee would be entitled to under the fol-
lowing conditions:

1. renting a trailer mobile home and
lodging it on land belonging to a commercial
trailer court.

2. living in a personally owned mobile
home and lodging it on land belonging to a
commercial trailer court."

Paragraph (a) of Section 15 of Article V of the
General Appropriation Act, House Bill.12, Acts 59th Legis-
lature, 1965, provides:

"Rates of allowance. Each employee travel-
ing on State business inside the boundaries of
the State of Texas shall be allowed, in lieu of

-2782-

actual expenses incurred for meals and lodging, a flat per diem rate not to exceed twelve dollars ($12) provided there is attached to his expense account when submitted a 'Paid' bill or receipt from a <u>commercial hotel, motel, or other commercial lodging establishment</u> for his lodging, but provided further that if such receipt is not submitted, the flat per diem rate shall not exceed seven dollars ($7)." (Emphasis added)

In Attorney General's Opinion No. C-472 (1965), it was held in the summary thereof that:

"The phrase 'commercial hotel, motel, or other commercial lodging establishment' used in subdivision a of Section 15 of Article V of the General Appropriation Act of the 59th Legislature, relating to the rates of allowance for State employees traveling on State business, refers to <u>those persons, firms, corporations associations or establishments engaged in the business of furnishing lodging to the public generally for pay,</u> . . ." (Emphasis added).

In Attorney General's Opinion No. C-522 (1965), the holding in Attorney General's Opinion No. C-472 (1965) was discussed with the following comment:

"As pointed out in the above opinion, 'Article 4596, Revised Civil Statutes of Texas, 1925, defines a hotel or inn as "a place where the business is to furnish food and lodging or either, <u>to all who apply and pay therefor.</u>"' (Emphasis added). No such restriction is placed on the term 'commercial lodging establishment.' The only requirements of the latter are that they 'furnish lodging <u>to the public generally for pay.</u>' (Emphasis added)".

For a State employee to receive reimbursement at the twelve dollar ($12) per diem rate, such employee must submit with his expense account a receipt or paid bill from some person, firm, corporation, association or establishment engaged in the business of furnishing lodging to the public generally for pay. An inherent element of "lodging" as used in paragraph (a) of Section V of the General Appropriation Act, is that the State employee be furnished a room or rooms.

In the case of County of Cameron v. Wilson, 160 Tex. 25, 326 S.W.2d 162 (1959), the Supreme Court of Texas held that:

> ". . . A trailer park is nothing more than a parking space, sanitary facilities and electricity are supplied to those who make use of house trailers while traveling about the country for recreational or business purposes. . . ."

In view of the foregoing, we are of the opinion that the mere renting of space to park a mobile trailer home within a commercial trailer court by a State employee is not an expenditure for "lodging" by such State employee within the meaning of paragraph (a) of Section V of the General Appropriation Act, and the submission with his expense account of a receipt or paid bill from the commercial trailer court for the rent of space to park a trailer within the commercial trailer court would not entitle the State employee to reimbursement at the twelve dollar ($12) per diem rate.

However, we are of the further opinion that if a State employee makes an expenditure of funds for the rent of a mobile trailer home to obtain a lodging place for one or more nights while he is away from his designated headquarters while on State business, then, in such event, the employee would be entitled to reimbursement at the twelve dollar ($12) per diem rate if he submitted with his expense account a receipt or paid bill for the rent of the mobile trailer home.

An employee is obtaining "lodging" when he avails himself of the facilities offered by a mobile trailer home which has been rented to him by a person, firm, corporation, association or establishment engaged in the business of furnishing this

form of "lodging", in the same manner that he would obtain "lodging" from a hotel or motel. In each instance the employee is merely obtaining a room or rooms. The fact that a hotel or motel is stationary and the trailer is mobile is immaterial. Had the Legislature intended to restrict "lodging" facilities to hotels and motels, it would not have added to the phrase "commercial hotel or motel" the additional language "or other commercial lodging establishment."

If the person, firm, corporation, association or establishment renting the mobile trailer home to the State employee is in the business of furnishing these trailers to the public generally for pay, then a receipt or paid bill from such source for the rent of a mobile trailer home submitted with a State employee's expense account would entitle such employee to reimbursement at the twelve dollar ($12) per diem rate.

## SUMMARY

A State employee who rents a mobile trailer home for lodging while away from his designated headquarters overnight on State business is entitled to be reimbursed at the twelve dollar ($12) per diem rate if such mobile trailer home is rented from a person, firm, corporation, association or establishment in the business of furnishing these trailers to the public generally for pay.

A State employee who merely rents space in a commercial trailer court to park a personally owned mobile trailer while away from his designated headquarters overnight on State business is entitled to be reimbursed at the seven dollar ($7) per diem rate.

Hon. Robert S. Calvert, page 5 (C-577)

Yours very truly,

WAGGONER CARR
Attorney General

By: _Pat Bailey_

Pat Bailey
Assistant

PB:ms;ra

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Carlos Vela
Phillip Crawford
John Banks

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright